```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA            *

     v.                             *

ONE 1993 CADILLAC SEVILLE STS       *
VIN #1G6KY5291PU810933                    CIVIL NO: WDQ-02-2816
                                    *
ONE 1997 FORD EXPEDITION
VIN #1FMFU18L5VLB67653              *

$20,222.00 U.S. CURRENCY            *

MONROE HARROD                       *
```

...ooo000ooo...
**GOVERNMENT'S MEMORANDUM TO THE COURT RELATIVE TO**
**THE NOTICE REQUIREMENTS IN CIVIL FORFEITURE ACTIONS**

Comes now the United States of America, by and through its counsel, Thomas M. DiBiagio, United States Attorney for the District of Maryland, and Andrea L. Smith, Assistant United States Attorney for said district, and provides the following information pertinent to the above-cited forfeiture matter, which will establish that the claimant, Monroe Harrod, was properly notified throughout these proceedings.

**Civil Asset Forfeiture Procedures and this Case.**

<u>Forfeiture Authority</u>: Administrative forfeitures are governed by the Customs Laws, 19 U.S.C. § 1602 *et seq.*, as incorporated by 18 U.S.C. § 981(d), 21 U.S.C. § 881(d), other forfeiture statues, and by CAFRA (18 U.S.C. § 983(a)(1)) for cases commenced on or after August 23, 2000.

<u>This case</u>: The present case was commenced for the purposes of

this discussion on the date of seizure of the defendant property, March 12, 2001.

Statutory Notice Procedure following seizure: CAFRA imposes a 60-day deadline on sending a notice of an administrative forfeiture. 18 U.S.C. § 983(a)(1)(A). To satisfy due process, notice must be "reasonably calculated" to apprise interested parties of the pendency of the action; to satisfy 19 U.S.C. § 1607. United States v. Gonzalez-Gonzalez, 257 F.3d 31 (1st Cir. 2001); United States v. Rodgers, 108 F.3d 1247 (10th Cir. 1997). Mailing notice to the prison where the claimant is incarcerated, and where there were procedures in place for delivering mail to inmates during "mail call," satisfies due process. Dusenbery v. United States, 534 U.S. 161 (2002). Moreover, a notice sent to the attorney representing the defendant/interested party in the related criminal case constitutes sufficient notice of administrative forfeiture. Bye v. United States, 105 F.3d 856 (2d Cir. 1997).

This case: With reference to property seized on March 12, 2001, the deadline for sending notice was on or before May 11, 2001. With reference to the defendant property, the DEA sent the attached administrative notices as follows:

| Date notice sent to Harrod | Location notice sent (ret/recpt) | Result of attempt At service |
|---|---|---|
| 4/27/01 | Baltimore City Det.Ctr. 401 E. Eager Street Baltimore, Maryland | Return Receipt 5/4/01 Unable to Notice |

| | | |
|---|---|---|
| 4/27/01 | 4117 Old Muddy Creek Rd<br>Edgewater, Maryland | Return Receipt 5/17/01<br>Unable to Notice |
| 4/27/01 | 912 Washburn Avenue<br>Brooklyn, Maryland | Return Receipt 5/22/01<br>Unable to Notice |
| 4/27/01 | c/o Howard Cardin, Esq<br>10 E. Mulberry Street<br>Baltimore, Maryland<br>(Counsel of record) | Notice successful<br>4/30/01 |
| 4/27/01 | c/o Gary Christopher, Esq<br>101 W. Lombard Street<br>Baltimore, Maryland<br>(Initially appointed) | Notice successful<br>4/30/01 |
| 9/25/01 | Talbot County Det.Ctr.<br>Federal & West Street<br>Easton, Maryland | Return Receipt 10/03/01<br>Unable to Notice |
| 12/05/01 | Baltimore City Det.Ctr.<br>401 E. Maddison Street<br>Baltimore, Maryland | Return Receipt 1/29/02<br>Unable to Notice |

By virtue of the notices filed with his attorney(s), and by virtue of the efforts made by the DEA to serve the claimant, the government satisfied the requirements of 18 U.S.C. § 983(a)(1)(A). <u>Chaidez v. United States Department of Justice</u>, 1998 WL 901690 (N.D. Ill. 1998)(attempts at person service and eventual service on counsel were sufficient); <u>Gonzalez v. United States</u>, 1997 WL 278123 (S.D.N.Y. 1997)("the government is not required to ensure actual receipt of notice that is properly mailed").

As a practical matter, since due process requires notice and a chance to be heard, the remedy for failure to provide adequate notice, the expiration of the statute of limitations notwithstanding, would be to vacate the administrative forfeiture.

3

This would not bar the government from commencing a new administrative forfeiture, <u>Kadonsky v. United States</u>, 246 F.3d 681 (10th Cir. 2001), or commence a judicial civil action. <u>Garcia v. Meza</u>, 235 F.3d 287 (7th Cir. 2000). The fact that claimant has had his day in court, defects in notice -if there were any - are moot.

<u>Procedure for claimant</u>: The claimant must file his claim by the date specified in the notice. 18 U.S.C. § 983(a)(2). Once the notice is filed, the administrative forfeiture proceeding ceases, and the government has 90 days to take further action. 18 U.S.C. § 983 (a)(3)(A).

<u>This case</u>: Monroe Harrod filed his claim on or about July 9, 2002. Harrod obviously received at least one notice, because it caused him to respond by filing a claim for the defendant property. If he had not filed his notice, the property would have been administratively forfeited shortly thereafter. 18 U.S.C. § 983(a)(2), 19 U.S.C. § 1609.

<u>Judicial Forfeiture Procedure</u>: The government has 90 days from the filing of the claim to institute a judicial proceeding: to file a complaint, or include the property in an indictment. A third option would be to return the property to the claimant. 18 U.S.C. § 983(a)(3).

<u>This case</u>: The government had until on or before October 7, 2001. The complaint in the present matter was filed on August 23, 2001. In conclusion this procedural challenge to the forfeiture

4

cannot be sustained by the defendant.  In light of the attached evidence, and the evidence produced before this Court on June 10, 2003, the government submits that defendant property should be forfeited to the United States pursuant to 18 U.S.C. § 982, *et seq*.

The government will serve claimant Harrod by return receipt requested, and upon receiving the return, will notify the Court on which day he received this document.  The assumption is that Mr. Harrod will file his response within seven days thereafter.

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney


_____/s/_____
Andrea L. Smith
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Government's Memorandum to the Court Relative to the Notice Requirements In Civil Forfeiture Actions, on this 13th day of June, 2003, was mailed, postage prepaid, Certified Return Receipt Requested, to Monroe C. Harrod, Jr., Reg. #34557037, FCI Petersburg, P.O.Box 90043, Petersburg, Virginia, 23804.

```
                              _____
                      _____/s/_____
                              Andrea L. Smith
                              Assistant United States Attorney
```